IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

    Plaintiff,                      No. CIV S-09-686 KJM P

    vs.

MR. BOYLES,                          <u>ORDER AND</u>

    Defendant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action, which challenges an occurrence at Sacramento County Jail, while he was a pre-trial detainee. Defendant has filed a motion to dismiss for failure to state a claim. Plaintiff has opposed the motion.

I. <u>Standards For A Motion To Dismiss</u>

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Analysis

In the complaint, plaintiff alleges he was called out of his cell and instructed to report to "control." There, defendant Boyles told plaintiff he was assigned to conduct a hearing on a disciplinary write-up. Plaintiff said he had not been given notice of any rule violation report. Boyles held the hearing anyway, after allowing plaintiff to read the copy of the write up. Boyles found plaintiff guilty. Plaintiff was placed in disciplinary confinement for three days before the guilty finding was reversed on appeal.

Defendant first argues that the complaint does not state a claim for any violation of the grievance process. This is true; it does not. Plaintiff's only reference to the grievance process was that the guilty finding was reversed because of the grievance process. The court does not construe plaintiff's claim to raise any sort of allegation that the jail's grievance process denied him due process because such a claim is simply not encompassed within even a very liberal reading of the complaint.

Defendant's next argument appears to be that Sandin v. Connor, 515 U.S. 472 (1995) makes clear that plaintiff has no procedural due process claim concerning the timing or nature of the hearing. In this respect, defendant is incorrect.

In Sandin, the Supreme Court held that when an action deprives an inmate of a state-created liberty interest in an "unexpected manner" and imposes "atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life," a court must decide whether the procedures used before the deprivation satisfied due process. The Court also concluded that, for the most part, changes in an inmate's custody level do not impose atypical and significant hardship and so need not be accompanied by procedural due process protections. Id. at 484. The Sandin court was careful to note that the interests of pretrial detainees are different and, as it had held in Bell v. Wolfish, 441 U.S. 520 (1979), a pretrial detainee may not be punished before a formal adjudication of guilt without due process protections. Sandin, 515 U.S. at 484. Relying on this portion of Sandin and on Bell, the Ninth Circuit has held that pretrial detainees have a liberty interest in not being punished without the procedural protections outlined in Wolff v. McDonald, 418 U.S. 539 (1974), even in the wake of Sandin. Mitchell v. Dupnik, 75 F.3d 517, 524-25 (9th Cir. 1996). These procedures include "advance written notice of the claimed violation," which gives the inmate a "chance to marshal the facts in his defense. . . ." Wolff, 418 U.S. at 563-64. Defendant has cited nothing suggesting that the requirement of advance notice is met by showing a pretrial detainee, as plaintiff was at the relevant time, the rules violation report just minutes before the hearing.

Defendant also suggests there is no due process claim because the three-day disciplinary confinement is a de minimis injury. It is true that there is "a *de minimis* level of imposition with which the Constitution is not concerned." Bell, 441 U.S. at 539 n.21 (internal quotation omitted). Defendant has cited no authority holding that three days of disciplinary confinement for a pretrial detainee is "a *de minimis* level of imposition."

III. Potential for Settlement

With his opposition to the motion to dismiss, plaintiff attached copies of correspondence indicating the parties engaged in some written communications regarding potential settlement of the case, prior to defendant's retention of counsel. The court has not relied on the contents of those communications in recommending a resolution of defendant's motion to dismiss. Fed. R. Evid. 408.

The court independently, however, has determined that this case is appropriate for referral to the court's mediation program for prisoner civil rights cases. By separate order, this case will be set for mediation with plaintiff appearing by video. The time for the parties to file objections to the foregoing findings and recommendations will be extended to allow for the mediation to be concluded before any objections need be filed.

IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (docket no. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within forty-five days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2010.

U.S. MAGISTRATE JUDGE